The PEOPLE of the State of Colorado, Complainant,

v.

John E. VERMILLION, Attorney–Respondent.

No. 91SA32.

Supreme Court of Colorado, En Banc.

June 3, 1991.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

No appearance for atty.-respondent.

PER CURIAM.

The respondent, John E. Vermillion, was charged with five counts of professional misconduct in Case No. GC 90A–19 and four counts of misconduct in Case No. GC 90A–49. Both grievance complaints were consolidated before a hearing board of the Grievance Committee. Although the respondent was duly notified of the hearing, he failed to appear. The hearing board received into evidence various exhibits and considered the testimony of several witnesses, entered findings of fact and conclusions of law, and recommended that the respondent be disbarred. A hearing panel approved the report of the hearing board, and we do also.

I.

The respondent, who currently is on disability inactive status, was admitted to the bar of this court on April 30, 1980, and is subject to the jurisdiction of this court. The hearing board found that the following facts were established by clear and convincing evidence.

*Case No. GC 90A–19*

A.

Count one arose out of the respondent's representation of Robin Stout, now known as Robin Guilford, in connection with a dissolution proceeding. On July 5, 1988, Ms. Guilford paid the respondent $290 as a retainer and further agreed to pay the respondent $25 per hour for his services. The respondent filed a dissolution petition on her behalf, and shortly thereafter Ms. Guilford gave the respondent authority to settle the divorce proceedings for $2,000, payable to her, plus attorney fees. The respondent communicated this offer to Ms. Guilford's husband, who then sent the respondent a check for $2,000, payable to Ms. Guilford, and a certified check for $600 payable to the respondent for Ms. Guilford's attorney fees. Although the respondent told Ms. Guilford that he had received the checks and would forward the $600

check to her subject to any adjustment regarding his fee as soon as the final dissolution entered, he cashed the $600 check and converted the proceeds to his own personal use.

On October 12, 1988, Ms. Guilford informed the respondent that she was not satisfied with the proposed settlement and requested a current billing statement from him. The respondent did not send a billing statement, but wrote to Ms. Guilford that if she wished to contest the dissolution settlement, he would require an additional $1500 retainer to be billed at the hourly rate of $90 per hour. The respondent requested an advance payment of $900, stating that he would apply the $600 check previously sent to him as an advance on the $1500 retainer.

In November 1988 Ms. Guilford contacted the respondent and told him that she had reconciled with her husband and wanted to terminate the dissolution proceeding and settle her account with the respondent. Shortly thereafter, on December 1, 1988, the respondent forged Ms. Guilford's signature on the $2,000 check previously sent to him by Ms. Guilford's husband and converted the proceeds to his personal use.

In July 1989 Ms. Guilford contacted the respondent and requested him to refile the dissolution proceeding. The respondent filed an amended petition for dissolution and set the matter for a hearing on permanent orders. Ms. Guilford authorized the respondent to settle the dissolution proceeding for a total of $12,843.40 payable to her, plus her attorney fees, and also requested the respondent to send her a billing statement. The respondent did not send her a billing statement, but communicated a proposed settlement offer to the attorney representing Ms. Guilford's husband.

Ms. Guilford subsequently telephoned the respondent regarding the $2,000 and $600 checks. The respondent informed Ms. Guilford that he had cashed both checks. Ms. Guilford then retained another attorney and requested an accounting from the respondent. The respondent did not provide an accounting, but the respondent's

wife sent a $2,000 check to the attorney representing Ms. Guilford's husband. No refund was made of the $600 which Ms. Guilford's husband previously paid the respondent for attorney fees on behalf of Ms. Guilford.

The hearing board concluded that the respondent's conduct violated the following Disciplinary Rules: DR1–102(A)(1) (violation of Disciplinary Rule); DR1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); DR1–102(A)(6) (conduct adversely reflecting on lawyer's fitness to practice law); DR7–101(A)(3) (intentionally prejudicing or damaging client during course of professional relationship); DR9–102(B)(3) (failure to maintain complete records of client's funds and other property coming into lawyer's possession and failure to render appropriate accounts to client regarding such funds and property); and DR9–102(B)(4) (failure to promptly deliver client's funds in lawyer's possession). The hearing board also concluded that the respondent's conduct violated the following Colorado Rules of Civil Procedure Regarding Lawyer Discipline: C.R. C.P. 241.6 (violation of Code of Professional Responsibility or violation of accepted rules or standards of legal ethics); C.R. C.P. 241.6(3) (act or omission violative of highest standards of honesty, justice, or morality); and C.R.C.P. 241.6(5) (act or omission violative of the criminal laws of this state).

## B.

Count two was based on the respondent's representation of Judy L. Christensen in a dissolution proceeding. Ms. Christensen paid the respondent $290 on September 21, 1989, and the respondent filed an entry of appearance and set a hearing on permanent orders. Ms. Christensen later paid the respondent an additional $150 to handle a temporary orders hearing, but the respondent telephoned her on the day before the hearing and advised her that he could not appear in court because of illness and would reschedule the hearing. The respondent, however, failed to reschedule the hearing. Shortly thereafter the respondent

admitted himself to a hospital and was discharged approximately two weeks later. Although Ms. Christensen attempted to contact the respondent by telephone, she was unable to do so. She subsequently sent the respondent a letter terminating his services and requested a copy of her file and a refund of unearned attorney fees. The respondent, however, failed to answer her request.

The hearing board concluded that the respondent's conduct violated the following Disciplinary Rules and Rules of Civil Procedure Regarding Lawyer Discipline: DR1-102(A)(1) (violation of Disciplinary Rule); DR1-102(A)(4) (conduct involving dishonesty); DR2-110(A)(2) (prohibition against withdrawing from employment until taking reasonable steps to avoid foreseeable prejudice to client); DR2-110(A)(3) (failure to refund promptly any unearned part of fee); DR6-101(A)(3) (neglect of legal matter); DR7-101(A)(1) (intentional failure to seek lawful objectives of client through reasonably available means); DR7-101(A)(2) (failure to carry out contract of employment for professional services); DR7-101(A)(3) (intentionally prejudicing or damaging client during course of professional relationship); DR9-102(B)(3) (failure to maintain complete records of and account for client's funds); DR9-102(B)(4) (failure to promptly deliver client's funds); and C.R.C.P. 241.6 (violation of ethical standards).

### C.

Count three related to the respondent's representation of Eva M. Hollomon in connection with a bankruptcy petition. On November 13, 1989, Ms. Hollomon retained the respondent and paid him $100 to file a bankruptcy petition. Although the respondent had an appointment to meet Ms. Hollomon approximately two weeks later to sign the petition, the respondent failed to show up for the meeting and failed to file a bankruptcy petition. The respondent did not refund the $100 fee paid to him by Ms. Hollomon.

The hearing board concluded that the respondent's conduct violated DR1-102(A)(1) (violation of Disciplinary Rule);

DR1-102(A)(4) (conduct involving dishonesty); DR1-102(A)(6) (conduct adversely reflecting on fitness); DR6-101(A)(3) (neglect); DR7-101(A)(1) (intentional failure to seek client's lawful objectives); DR7-101(A)(2) (intentional failure to carry out contract of employment); and C.R.C.P. 241.6 (violation of ethical standards).

### D.

Count four arose out of the respondent's representation of Marge A. Smith in connection with Ms. Smith's request to file a contempt citation against her former husband for nonpayment of child support and for his failure to maintain medical insurance. On August 10, 1989, Ms. Smith paid the respondent $350 and a week later an additional $150 to represent her on this matter. In October 1989 the respondent obtained an order to issue a contempt citation and scheduled a hearing for December 7, 1989. The respondent, however, failed to effect service on Ms. Smith's former husband and failed to appear for the hearing previously scheduled. The hearing accordingly was vacated. The respondent took no further action on behalf of Ms. Smith and failed to refund any of the $500 paid to him by her.

The hearing board concluded that the respondent's conduct violated DR1-102(A)(1) (violation of Disciplinary Rule); DR1-102(A)(4) (conduct involving dishonesty); DR1-102(A)(5) (conduct prejudicial to the administration of justice); DR1-102(A)(6) (conduct adversely reflecting on fitness); DR2-110(A)(2) (prohibition against withdrawing from employment until taking reasonable steps to avoid prejudice to client); DR2-110(A)(3) (failure to refund promptly any part of unearned fee); DR6-101(A)(3) (neglect); DR7-101(A)(1) (intentional failure to seek lawful objectives of client through reasonably available means); DR7-101(A)(2) (failure to carry out contract of employment); and C.R.C.P. 241.6 (violation of ethical standards).

### E.

Count five was based on the respondent's representation of Robin F. Pratt in a disso-

lution proceeding. On June 27, 1989, Ms. Pratt paid the respondent $395 as a retainer and agreed upon a total fee of $500. The respondent shortly thereafter filed a dissolution petition but failed to appear at the scheduled hearing on permanent orders. Ms. Pratt attempted to contact the respondent by telephone, but the respondent failed to return her calls and did nothing further on the case. The respondent also failed to refund any part of the unearned fees to Ms. Pratt.

The hearing board concluded that the respondent's conduct violated DR1–102(A)(1) (violation of Disciplinary Rule); DR1–102(A)(4) (conduct involving dishonesty); DR1–102(A)(5) (conduct prejudicial to administration of justice); DR1–102(A)(6) (conduct adversely reflecting on fitness); DR2–110(A)(2) (prohibition against withdrawing from employment until taking reasonable steps to avoid prejudice to client); DR2–110(A)(3) (failure to refund promptly any part of unearned fee); DR6–101(A)(3) (neglect); DR7–101(A)(1) (failure to seek lawful objectives of client through reasonably available means); DR7–101(A)(2) (failure to carry out contract of employment); and C.R.C.P. 241.6 (violation of ethical standards).

### Case No. GC 90A–49

#### A.

Count one arose out of the respondent's representation of Connie J. Cunningham in a post-dissolution matter relating to child visitation. In September 1989 Ms. Cunningham paid the respondent $300 to be applied toward the respondent's hourly fee of $25. The respondent represented Ms. Cunningham at a hearing on November 20, 1989. Ms. Cunningham attempted to contact the respondent regarding an appeal of the court's decision, but the respondent placed a message on his office telephone stating that he was ill and unable to handle any cases. Despite Ms. Cunningham's request for a refund of $175, the respondent failed to provide an accounting for his fees or to refund any unearned fees.

The hearing board concluded that the respondent's conduct violated DR1–

102(A)(1) (violation of Disciplinary Rule); DR2–110(A)(3) (failure to refund promptly any part of unearned fee); DR9–102(B)(4) (failure to promptly deliver client's funds); and C.R.C.P. 241.6 (violation of ethical standards).

#### B.

Count two arose out of the respondent's representation of Dorothy Heath regarding the placement of Ms. Heath's father in a nursing home. In October 1987 Ms. Heath delivered to the respondent an original deed and other documents relating to a property transfer by her father to another party. Although Ms. Heath repeatedly requested the respondent to return the documents, he failed to do so and failed to provide any further legal services to Ms. Heath.

The hearing board concluded that the respondent's conduct violated DR1–102(A)(1) (violation of Disciplinary Rule); DR9–102(B)(4) (failure to promptly deliver client's funds or other properties); and C.R.C.P. 241.6 (violation of ethical standards).

#### C.

Count three arose out of the respondent's representation of Nelia D. Basconcillo in a paternity-support matter. On August 24, 1989, Ms. Basconcillo paid the respondent $500 to initiate a paternity-support action. The respondent wrote a letter to the alleged father requesting a reply within two weeks, but did nothing further on the case. Ms. Basconcillo attempted to contact the respondent on numerous occasions, but was unsuccessful. The respondent failed to refund any portion of the fee paid to him by Ms. Basconcillo.

The hearing board concluded that the respondent's conduct violated DR1–102(A)(1) (violation of Disciplinary Rule); DR2–110(A)(3) (failure to refund promptly any part of unearned fee); DR6–101(A)(3) (neglect); DR7–101(A)(1) (failure to seek lawful objectives of client); DR7–101(A)(2) (failure to carry out contract of employ-

ment); and C.R.C.P. 241.6 (violation of ethical standards).

### D.

Count four was based on the respondent's failure to respond to a request for investigations of the grievance complaints filed by Ms. Cunningham, Ms. Heath, and Ms. Basconcillo. Notwithstanding certified letters mailed to the respondent at his last known address concerning these matters, the respondent has failed or refused to respond to the request for investigations.

The hearing board concluded that the respondent's conduct violated C.R.C.P. 241.6(7) (failure to respond to a request by Grievance Committee without good cause).

### II.

Pursuant to the American Bar Association's Standards for Imposing Lawyer Sanctions (1986) (ABA Standards), disbarment is generally an appropriate sanction under circumstances where a lawyer abandons his practice and causes serious or potentially serious injury to a client, where a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to the client, or where the lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client. ABA Standard 4.41. Disbarment is also an appropriate sanction when a lawyer knowingly converts a client's property and thereby causes injury or potential injury to the client. ABA Standard 4.11. Finally, disbarment is appropriate where a lawyer engages in intentional conduct involving dishonesty, fraud, deceit, or misrepresentation to a degree that "seriously adversely reflects on the lawyer's fitness to practice." ABA Standard 5.11(b). Each of these aforementioned grounds for disbarment is present in this case.

Also present are serious aggravating factors including a pattern of misconduct, multiple offenses, intentional failure to comply with the rules of the disciplinary process, a refusal to acknowledge the wrongful nature of one's conduct, and an indifference to making restitution. ABA Standard 9.22. The only mitigating factor is the respondent's lack of a prior disciplinary record. ABA Standard 9.32(a). This mitigating factor, however, is woefully inadequate to offset the compelling case for disbarment manifested by the circumstances of this case. We accordingly approve the findings and recommendation of the Grievance Committee.

### III.

The respondent is accordingly disbarred, and his name is ordered stricken from the roll of attorneys licensed to practice in this state. The respondent is ordered to make restitution to the following persons, his former clients, in the amounts designated, with interest at the rate of nine percent from the dates specified: Robin Guilford, in the amount of $600 with interest from November 1, 1989; Judy L. Christensen, in the amount of $440 with interest from December 1, 1989; Eva M. Hollomon, in the amount of $100 with interest from December 1, 1989; Marge A. Smith, in the amount of $500 with interest from December 7, 1989; Robin F. Pratt, in the amount of $395 with interest from December 5, 1989; Connie J. Cunningham, in the amount of $175 with interest from December 1, 1989; and Nelia D. Basconcillo, in the amount of $500 with interest from November 1, 1989. The respondent is also ordered to return to Ms. Dorothy Heath, within thirty days from the announcement of this opinion, the original deed and other documents relating to the property transfer by her father. In addition, the respondent is ordered to pay the costs of these proceedings in the amount of $198.97 by tendering such sum within thirty days to the Supreme Court Grievance Committee, 600 17th Street, Suite 500-S, Denver, Colorado 80202.